THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOEL POOLE, Defendant-Appellant.

Third District   No. 76-406

Opinion filed October 11, 1977.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

John D. Sloan, State's Attorney, of Aledo (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Joel Poole appeals from a conviction, of the offense of burglary, in the Circuit Court of Mercer County. He was sentenced to a term, as a result thereof, of not less than 2 nor more than 6 years incarceration.

On appeal in this court, defendant contends that he was denied a right to a fair and impartial trial because of repeated references to his incarceration in the "Knox County Jail"; repeated references to unconnected "burglaries"; and repeated quotations of defendant's confession which referred to "20 or 25" other burglaries. The State responds to these contentions by contending that defendant waived any error on appeal since he made no specific objection, concerning material matters referred to by defendant in his points raised on appeal, during the trial of the case and, also, for the reason that defendant filed no post-trial motion with respect thereto. The State also contends that any errors made with reference to defendant's being in jail and to burglaries, other than

the burglary with which defendant was charged, were harmless in view of his confession to the specific charge for which he was convicted in the instant case.

■■ It is not necessary that we detail specifically the references which were made to the other burglaries in the confession of the defendant and in the testimony at the trial. The State urges that we should follow the supreme court direction contained in *People v. Manzella* (1973), 56 Ill. 2d 187, 306 N.E.2d 16, 22 (noting that, on proper occasions, the supreme court has considered error even though it was not properly preserved for appeal). The supreme court did state:

> "It should not be and is not the policy of this court to reverse a judgment merely because error has been committed, unless it appears that real justice has been denied thereby or that the verdict of the jury or the judgment of the court may have resulted from such error." (56 Ill. 2d 187, 200.)

The State argues that there is no reason for the verdict in the instant case to have been based on references asserted to be erroneous since the jury was presented with a specific confession by defendant to the crime with which he is charged. The confession followed full *Miranda* warnings and described the entry of defendant and others into the burglarized building, as well as what was taken once the parties were inside and the means by which they left the building. It was consistent with the testimony of the owner of the building as to the means of ingress and egress to the building as well as testimony of the investigating officer as to its appearance at the scene of the crime. In *People v. Delk* (5th Dist. 1976), 36 Ill. App. 3d 1027, 345 N.E.2d 197, the court asserted that where competent evidence was introduced at the trial to show the guilt of defendant beyond a reasonable doubt and where the jury could not reasonably have found defendant not guilty, error in admission of other criminal offenses does not require reversal. Defendant admits that there was a confession by defendant to the crime under consideration in the instant case.

Defendant, however, cites *People v. Donaldson* (1956), 8 Ill. 2d 510, 134 N.E.2d 776, and *People v. Oden* (1960), 20 Ill. 2d 470, 170 N.E.2d 582, where the supreme court determined, under the facts in those cases, that references in confessions not edited to eliminate the references to other crimes, could be prejudicial and not come under the category of harmless error as might otherwise be the case. Those two cases, however, were concerned with death cases where the penalty was fixed by the jury and the supreme court specifically pointed out that the reason for giving consideration to the references to other crimes was that the court could not determine whether or not the effect of the reference to additional crimes might have motivated the jury to fix the death penalty in both of

such cases. The jury was not simply determining whether defendant in those cases was guilty, but also fixed the penalty of death.

■■ These considerations do not exist in the instant case which was a simple charge of burglary as to which defendant had given a confession. While it is true that there were collateral references to defendant being in the Knox County Jail and to other burglaries which would be reasonable to consider as error requiring a retrial if it were not for the confession of defendant, we do not believe that the record in this case requires a reversal and remandment, since it is completely unlikely that the jury could come to any other conclusion, in view of the confession, than that of the guilt of defendant of the crime of burglary.

We, therefore, conclude, that the references to other burglaries and incarceration of defendant in the Knox County Jail (if considered as erroneous in absence of a confession of guilt by defendant) should be considered as harmless error in the instant case, since no other result than a finding of guilt as to defendant would likely have resulted, had no such references been made in the course of the trial.

For the reasons stated, therefore, the judgment of the Circuit Court of Mercer County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.